IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| STEVE HARDY, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:08-CV-409-Y |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
|     Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Steve Hardy, TDCJ # 1164757, is a state prisoner in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Teague, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

#### C. FACTUAL AND PROCEDURAL HISTORY

On April 3, 2003, a jury found Hardy, a repeat offender, guilty of aggravated assault with

a deadly weapon in Case No. 0839817D in the Criminal District Court Number Three of Tarrant County, Texas, and assessed his punishment at twenty-five years' confinement. (Clerk's R. at 40) The Second District Court of Appeals of Texas affirmed the trial court's judgment and denied his motion for rehearing. *Hardy v. Texas*, No. 02-03-132-CR, slip op. (Tex. App.–Fort Worth Apr. 8, 2004) (not designated for publication). Hardy did not file a timely petition for discretionary review, however he was granted permission to file an out-of-time PDR by the Texas Court of Criminal Appeals. *Id.* at cover. Thereafter, Hardy filed a PDR, which was refused by the Texas Court of Appeals. *Hardy v. Texas*, PDR 698-06. Hardy filed a second state application for writ of habeas corpus challenging his conviction, which was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court. *Ex parte Hardy*, Application No. WR-66,154-02, at cover.

This federal petition followed. On December 18, 2008, the undersigned Magistrate Judge entered findings, conclusions and a recommendation that the petition be dismissed as time-barred and returned the action to the district court. (docket entry #18) In light of *Jimenez v. Dretke*, 129 S. Ct. 681 (2009), the district court rejected the findings, conclusion and recommendation and re-referred the action to the undersigned for further proceedings and/or findings and recommendation. (docket entry #21)

### D. Issues

In this petition, Hardy raises one ground for relief, wherein he asserts a *Batson* claim. (Petition at 7)

### E. Rule 5 Statement

Quarterman believes that Hardy has sufficiently exhausted his state remedies with regard to

the claims presented as required by 28 U.S.C. § 2254(b)(1).  (Resp't Answer at 4)

### F. LEGAL STANDARD IN HABEAS CASES

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.  28 U.S.C. § 2254(d).  A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.  *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000).  A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case.  *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings.  *Hill*, 210 F.3d at 485.  Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding.  *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399.  The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C. §

3

2254(e)(1).  Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion it is an adjudication on the merits, which is entitled to the presumption.  *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

### G. DISCUSSION

Hardy, who is African-American, claims the trial court erred by overruling his *Batson* challenge, because the reasons articulated by the state in using a peremptory strike against veniremember 24, a prospective African-American juror, were a pretext for purposeful discrimination. (Pet'r Memorandum at 8)  In *Batson v. Kentucky*, 476 U.S. 79 (1986), the Supreme Court outlined the methodology for evaluating a claim that jurors were improperly stricken based on their race.  Initially, the defendant must make a *prima facie* showing that the challenged strike has been employed in a racially discriminatory manner.  Once this showing has been made, the prosecutor must articulate race-neutral selection criteria.  The district court then must determine whether the defendant has established purposeful racial discrimination. *Id.* at 93-98.

Hardy raised his claim on direct appeal, and, applying this three-step process, the state appellate court addressed the issue as follows:

> With respect to juror 24, Ms. McIntosh, the State explained that it struck her from the panel because, when asked a question regarding the mental state of "intentionally or knowingly," see appeared to not understand the legal concepts being described. A prospective juror's inability to understand relevant legal concepts provides a race-neutral explanation for exercising a peremptory strike.  As a result, Hardy had the burden to show that the State's explanation for striking Ms. McIntosh was merely pretextual.  The record contains no evidence or explanation sufficiently rebutting the State's articulated race-neutral reason for striking Ms. McIntosh.

*Hardy*, No. 2-03-132-CR, slip copy, at 8-9 (citations omitted).[1]

A federal court's review of state court findings is sharply circumscribed under § 2254, which requires us to accept as correct a determination of a factual issue by a state court unless the habeas petitioner rebuts the state court's finding by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 338-41 (2003). Assuming Hardy satisfied step one of the *Batson* framework and that the state continued through step two by offering race-neutral explanations for their strike, the question is whether Hardy has carried his burden to prove purposeful discrimination. *Hernandez v. New York*, 500 U.S. 352, 358-60 (1991). The critical question in determining whether a prisoner has proved purposeful discrimination at step three is the persuasiveness of the prosecutor's justification for the peremptory strike. *Purkett v. Elem*, 514 U.S. 765, 768 (1995). Typically, an evaluation of the prosecutor's state of mind based on demeanor and credibility lies within the province of the trial judge, and the trial court's findings in this context are entitled to the presumption of correctness. 28 U.S.C. § 2254(e)(1); *Miller-El*, 537 U.S. at 340; *Hernandez*, 500 U.S. at 364.

In an attempt to show purposeful discrimination, Hardy argues that the state did not strike other veniremembers of similar demeanor who were confused and/or misunderstood certain legal concepts. (Pet'r Memorandum at 10-11)  According to Hardy, the state's explanation is based on the stereotypical assumption that a Black woman would be unable to grasp the concept of the elements of "intent" or "knowingly" as applied to the offense under Texas law. (*Id.* at 11)  This quality, however, provides a race-neutral suspicion that there was a risk Ms. McIntosh would not

---

[1] Hardy argues that he must only establish by clear and convincing evidence that the state habeas court's factual findings on collateral review are erroneous, and that reliance on the appellate court's factual findings, is inappropriate. This argument is incorrect. (Pet'r Reply at 2-4)

5

properly apply or understand the legal concepts in the jury charge or legal complexities of the case. As a result, a comparative juror analysis does not raise an inference of discrimination in this case.

Hardy has failed to rebut the presumption of correctness of the state courts' factual findings on the issue or that the state courts' adjudication of the issue resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court.

## II.  RECOMMENDATION

Hardy's petition for writ of habeas corpus should be DENIED.

## III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 7, 2009.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the

United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 7, 2009, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 17, 2009.

      /s/ Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE

7